## The Mechanics and Traders Bank of New Orleans v. John Jemison and others.

The rule that notice of protest must be sent to the post office nearest to the residence of the party to whom it is addressed, is not of universal application ; for where he is in the habit of receiving his letters at a more distant office, or through a more circuitous route, notice through the latter will be good.

Notice of protest addressed to " A. B. of the parish of [stating the parish of his residence], at the post office at [mentioning the office at which he was in the habit of receiving his letters]," and deposited in that office, it being in the place where the protest was made, is a sufficient compliance with the second section of the act of 13 March, 1827, requiring the notice to be addressed to an endorser at his domicil, or usual place of residence. The addition of the words " at the post office at ——," does not affect the sufficiency of the direction.

APPEAL from the District Court of Concordia, *Willson, J.*

*F. H. Farrar*, for the appellants, cited *Whittemore, &c.* v. *Leake*, 14 La. 392. *Lanusse* v. *Massicot et al.*, 3 Mart. 266. 1 Peters, 578. 2 Ib. 543. Bayley on Bills, 179. 16 Johnson, 218. 1 Pickering, 411. Walker's Miss. Rep. 530. 5 Howard's Miss. Rep., case of *Patrick* v. *Beasely*.

*Stacy* and *Sparrow*, for the defendants. A post office is not a proper place of deposit for notices of protest, unless they are to be transmitted thence by mail. 5 Mart. N. S. 137, 158, 359. 6 Ib. N. S. 506. 7 Ib. N. S. 491. 8 La. 170. 16 Ib. 22. 1 Yerger's Rep. 166. 3 Littell, 498. 6 Mass. 317. 10 Mass. 90. Bayley on Bills, 275. Chitty on Bills, 7 Am. ed. 222, and note. 10 Johnson, 490. 11 Ib. 231. 1 Robinson, 572. 1 Carrington & Payne, 181. 1 Peters, 578.

BULLARD, J. The Bank is appellant from a judgment of nonsuit, rendered in favor of Dix & Glasscock, who were sued as endorsers of a bill of exchange. Their defence was the want of due notice of protest.

It appears, that the endorsers had their domicil and place of usual residence in the parish of Concordia, in which there was no

post office at the time. The notices of protest appear to have been addressed to each of the endorsers, by name, " Parish of Concordia, Natchez Post Office," and were deposited in the post office at Natchez, when the protest was made. It is further shown, that they were in the habit of getting their letters and papers at the Natchez post office, and there is no evidence of their ever having received any at any other office, although there appear to have been post offices a few miles nearer the residences of the endorsers respectively, on the opposite side of the river, in the State of Mississippi.

We are of opinion, that the notices were sufficient. In 2 Peters, 121, the Supreme Court of the United States held, that the rule as to the nearest post office is not of universal application; for if the party is in the habit of receiving his letters at a more distant post office, or through a more circuitous route, and the fact is known to the person sending the notice, notice sent by the latter mode will be good.

In the case of *Duncan* v. *Sparrow*, at the last term, (3 Robinson, 164,) this court held, that the notice to the endorser would have been good, if it had been addressed to him at his domicil, or usual place of residence, and deposited in the post office at Natchez, where he was in the habit of receiving his letters. This has been done in the present case, and although the notary added the words, " Natchez Post Office," that direction does not, in our opinion, alter the case; because the postmaster already knew that the endorsers were in the habit of receiving their letters at his office, and he was not authorized to forward them to any other.

The subject of notices of protest has engaged our particular attention at this term, in the case of *Mead* v. *Carnal and another*, *ante*, p. 73 ; and we refer further to the authorities cited in the opinion delivered in that case, in support of the opinion now expressed, that the endorsers in the present case are liable.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the plaintiffs recover of the defendants, William Dix and B. F. Glasscock, *in solido*, the sum of twelve hundred dollars, with interest, at eight per cent per annum, from the 6th of January, 1842, four dollars costs of protest, and the costs in both courts.